UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DERLON CRAIN** | **CIVIL ACTION NO: 2:13-cv-764** |
| **VERSUS** | **JUDGE MINALDI** |
| **DON MAHAMMID, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Derlon Crain, proceeding *in forma pauperis*, filed the instant civil rights complaint on April 11, 2013.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC) and is currently incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.

Plaintiff names the following as defendants: Don Mahammid, Goodfellas Grocery, Mark Nash, and Reginal Nash.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.     Background

#### A. *Defendant Mahammid*

Plaintiff was arrested and jailed in November 2012. Doc. 1, p. 3. At that time, he was living in a rental unit owned by defendant Don Mahammid. *Id.* at 2. Plaintiff states tha.t in lieu of paying rent, he worked for Mahammid and maintained the rental property. *Id.* at 3.

Plaintiff was released from jail on or about December 22, 2012. *Id.* He then returned to the property and discovered that Mahammid had discarded all of his belongings. *Id.* Plaintiff

---

[1] Plaintiff filed amended complaints on April 16, 2013 [doc. 4], May 1, 2013 [doc. 6], and December 19, 2013 [doc. 12].

-1-

spent the night in the unit but left the next morning after an incident with Mahammid. *Id.* On December 28, 2012, he was arrested and charged with burglary of the rental unit. *Id.* As a result of the above, plaintiff filed this suit seeking reimbursement of $20,000.00, the approximate value of his belongings that were discarded. *Id.* at 2.

### B. *Defendants Mark Nash, Reginal Nash, and Goodfellas Grocery*

Plaintiff alleges that defendants Mark and Reginal Nash (owners of Goodfellas Grocery) beat him with an aluminum baseball bat because they were told that plaintiff had broken into their business. Doc. 4, p. 1. Plaintiff claims that he was hospitalized as a result of the beating. *Id.* at 2. As a result of the above, plaintiff seeks compensatory and punitive damages from these defendants. *Id.*

## II. Law and Analysis

### A. Screening

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir.1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir.1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must

accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir.1985).

In the present case, none of the defendants are state actors. Plaintiff has made no allegations that would suggest that any of these defendants was acting under color of state law when the committed the acts of which he complains. Accordidngly plaintiff's civil rights claims against these defendants should be dismissed as frivolous.

### III. Conclusion

For the reasons stated,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to

-4-

file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See *Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 12th day of February, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE