RECEIVED
IN LAKE CHARLES, LA.

OCT 21 2014

TONY R. MOORE, CLERK
BY_____
                DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DERLON CRAIN** | * CIVIL ACTION NO. 2:13-CV-764 |
| **Plaintiff** | * |
| V. | * JUDGE MINALDI |
| **DON MAHAMMID, ET AL.** | * |
| **Defendants** | * MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is the Report and Recommendation [Doc. 13] of the Magistrate Judge, to which the plaintiff has filed Objections [Doc. 15]. For the following reasons, the Report and Recommendation [Doc. 13] is **AFFIRMED**, as amended herein.

## FACTS & PROCEDURAL HISTORY

The court herein adopts the factual findings set forth by the Magistrate Judge.[1] Essentially, the *pro se* plaintiff alleges that he was briefly jailed and during that time his landlord, Don Mahammid, discarded all of his belongings and improperly evicted him.[2] He also alleges that he was beaten with an aluminum baseball bat by the defendants, Mark and Reginal Nash, because they were told that the plaintiff had broken into their place of business.[3]

The plaintiff filed suit under 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis*.[4] He submitted several filings from April through December, 2013, which have been interpreted loosely as amended complaints.[5] On February 12, 2014, the Magistrate Judge recommended that the plaintiff's complaint be dismissed, with prejudice, as frivolous pursuant to

---

[1] *See* Report and Recommendation [Doc. 13], at 1-2.
[2] *Id.*
[3] *Id.*
[4] Compl. [Doc. 1], at 1. Order [Doc. 9].
[5] *See* Am. Compls. [Docs. 4, 6, 12].

1

the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii), and (iii).[6] This finding was predicated primarily on the fact that none of the defendants were state actors, and, accordingly, the statute sued under, 42 U.S.C. § 1983, had no applicability to the facts as alleged.[7]

## LAW & ANALYSIS

When a Magistrate Judge submits proposed findings of fact and recommendations for a case's ultimate disposition,

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

28 U.S.C. § 636(b). *See also Petroleum Helicopters, Inc. v. Apical Indus.*, No. 13-0015, 2014 U.S. Dist. LEXIS 63360, at *4 (W.D. La. May 7, 2014) (applying the *de novo* standard rather than the "clearly erroneous or contrary to law standard"). The plaintiff herein has so objected.[8]

A complaint is frivolous under the Prison Litigation Reform Act if it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 196 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). However, *pro se* prisoner complaints should be construed broadly. *LaCroix v. Marshall Cnty.*, 409 Fed. Appx. 794, 802 n.39 (5th Cir. 2011) (*citing Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989)). Further, "a pro se plaintiff is not required to use 'magic words' to state a claim." *Jefferson v. Loftin*, No. 3:04-cv-1102-D, 2005 U.S. Dist. LEXIS 2098, at *7 (N.D. Tex. 2005) (*citing Williams v. Thomas*, 692 F.2d 1032, 1040 (5th Cir. 1982)); *Burnett v. Hargett*, No. 97-5156, 1998 U.S. App. LEXIS 3134, at *14 (10th Cir. Feb. 26, 1998); *Rojo v. Bright*, No. 12-cv-2518, 2014 U.S. Dist. LEXIS 62704, at *7 (N.D. Cal. May 6, 2014).

---

[6] Report and Recommendation [Doc. 13], at 3.
[7] *Id.*
[8] *See generally* Supplemental Objection [Doc. 19].

A lease is a synallagmatic contract which burdens both the lessor and the lessee with certain obligations. La. Civ. Code art. 2668. The lessor's obligations are three-fold: (1) to deliver that which is the subject of the lease to the lesse; (2) to maintain the object in a suitable condition; and (3) to maintain the lessee in peaceable possession for the duration of the lease. La. Civ. Code art. 2682. A lease may be made orally or in writing. La. Civ. Code art. 2681. Notice must be given prior to an eviction, or the lessor may be liable for damages. *Platinum City, L.L.C. v. Boudreaux*, 81 So.3d 780, 784 (La.Ct.App. 2011). This is true whether or not the lease has a set term. *Id.* Crain alleges that his landlord improperly evicted him, and a cause of action for improper eviction exists under Louisiana law. Crain's claim against his landlord does not lack an arguable basis in law or fact.

There is a cause of action for battery where there is a harmful or offensive contact with a person, resulting from an act intended to cause the plaintiff to suffer such a contact. *Caudle v. Betts*, 512 So.2d 389, 390 (La. 1987) (citations omitted). Crain contends that he was beaten with an aluminum baseball bat by the defendants, Mark and Reginald Nash. This claim also has an arguable basis in law or fact. Neither of Crain's claims can be properly dismissed as frivolous.

However, Federal Rule of Civil Procedure 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Original jurisdiction over subject matter is mandatory for the maintenance of an action in federal court. *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995). It is the duty of the district court, at any level of the proceeding, to dismiss the plaintiff's action *sua sponte* for failure of federal jurisdiction. 2 *Moore's Federal Practice*, § 12.30 (Matthew Bender 3d ed.); *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir. 1977).

Although plaintiff alleges that he is bringing his action under Section 1983, it is clear that he has no cause of action under this statute.[9] The complaint also fails to provide any other basis for federal subject matter jurisdiction. Diversity jurisdiction under 28 U.S.C. § 1332 is also not proper over Crain's claims because there is no dispute that all parties are domiciled in the same state. This court lacks subject matter jurisdiction to hear Crain's claims. Accordingly,

**IT IS ORDERED** that the plaintiff's complaint be **DISMISSED, WITHOUT PREJUDICE,** for lack of subject matter jurisdiction.

Lake Charles, Louisiana, this 20 day of October, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[9] Report and Recommendation [Doc. 13], at 3.